IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 3:17-cv-00728 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

I. Introduction

This case has been reassigned to the undersigned Judge.

Pending before the Court are Petitioner's *pro se* Motion To Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) (Doc. No. 1), filed on April 20, 2017; a Supplemental Brief (Doc. No. 13), filed by counsel for Petitioner; the Government's Motion To Dismiss (Doc. No. 17); and Petitioner's Reply To Motion To Dismiss (Doc. No. 18).

For the reasons set forth below, Petitioner's request for relief under 28 U.S.C. § 2255 (Doc. Nos. 1, 13) is **DENIED**, the Government's Motion To Dismiss (Doc. No. 17) is **GRANTED**, and this action is **DISMISSED**.

II. Petitioner's Criminal Proceedings

In the underlying criminal case, Petitioner pled guilty, before former Judge Thomas A. Wiseman, Jr., to three drug trafficking charges. (Doc. Nos. 181, 213, 231 in Case No. 3:94cr90). At the subsequent sentencing hearing, on June 18, 1996, Judge Wiseman imposed a sentence of 30 years of imprisonment. (Doc. Nos. 231, 232, 234, 235 in Case No. 3:94cr90). The record indicates that no appeal was filed.

III. Analysis

A. Section 2255 Proceedings

Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish Petitioner is not entitled to relief on the issues raised.

B. Petitioner's *Johnson* Claim

Petitioner argues his sentence should be vacated because the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), undermines the validity of the career offender sentencing guideline, which he claims was used to enhance his guideline range at sentencing. In *Johnson,* the Supreme Court held the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the italicized definition of "violent felony" as set forth below:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added). The *Johnson* Court specifically explained its decision did not call into question the remainder of the Act's definition of "violent felony" or the definition of "serious drug offense" in the ACCA." 135 S. Ct. at 2563. In *Welch v. United States*, ___ U.S.___, 136 S.Ct.

3

1257, 194 L.Ed.2d 387 (2016), the Supreme Court held the *Johnson* decision announced a substantive rule that applies retroactively on collateral review.

After the *Johnson* decision was issued, several courts applied its reasoning to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the career offender sentencing guideline.[1] *See, e.g., United States v. Pawlek,* 822 F.3d 902 (6th Cir. 2016). Petitioner relies on the reasoning of these decisions in arguing the career offender guideline applied to him at sentencing was unconstitutionally void for vagueness. More specifically, Petitioner argues his sentence was enhanced because his prior conviction for robbery was improperly considered to be a "crime of violence" under the residual clause of the definition.

The Sixth Circuit's decision in *Pawlek* was subsequently abrogated by the Supreme Court in *Beckles v. United States,* ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), which held that,

---

[1] For purposes of the career offender guideline, "crime of violence" was defined as follows, with the "residual clause" set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a)(2) (emphasis added).

Through Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, the Sentencing Commission deleted the residual clause portion of the definition in Section 4B1.2 and replaced it with language that enumerates specific offenses.

4

unlike the statute at issue in *Johnson*, the Sentencing Guidelines are advisory, and therefore, the definitions in the Guidelines, including the residual clause, are not subject to a vagueness challenge under the Due Process Clause. 137 S.Ct. at 895. The *Beckles* Court left open the question of whether *Johnson* applies in the context of a defendant, like Petitioner, who was sentenced before the decision in *United States v. Booker,* 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when the Guidelines were considered mandatory rather than advisory.

In its Motion To Dismiss (Doc. No. 17), the Government argues Petitioner's claim is now foreclosed by the Sixth Circuit's decision in *Raybon v. United States*, 876 F.3d 625 (2017), *rehrg en banc denied* (Dec. 6, 2017).

In *Raybon*, the petitioner, who was sentenced as a career offender in 2004, when the Sentencing Guidelines were considered to be mandatory, filed an action under 28 U.S.C. § 2255 in 2016 challenging his sentence based on *Johnson*. 876 F.3d at 628. Specifically, the petitioner argued his prior conviction for assault should no longer be considered a crime of violence under the career offender residual clause definition. *Id.* The Sixth Circuit did not reach the merits of the petitioner's claim, but held it was barred by the one-year statute of limitations for actions under Section 2255, which provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In reaching its decision, the court rejected the petitioner's argument that Subsection (3) applied because he filed the action within one year after the Supreme Court issued its decision in *Johnson*. *Id.*, at 629-31. The court pointed out that *Johnson* applied to the ACCA, and the applicability of its holding to the mandatory sentencing guidelines was "an open question." *Id.*, at 629. "Because it is an open question, it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Id.*, at 630 (emphasis in original). Subsequent panels of the court have applied *Raybon* to deny Section 2255 relief to petitioners who were sentenced when the Guidelines were considered to be mandatory. *See Cowan v. United States*, 712 F. App'x 567 (6th Cir. Feb. 27, 2018) (applying *Raybon*); *Walker v. United States*, 710 F. App'x 696 (6th Cir. Feb. 7, 2018) (same).

Because the Petitioner was sentenced when the Guidelines were considered to be mandatory, like the petitioner in *Raybon*, he cannot rely on the *Johnson* decision to satisfy the requirements of Section 2255(f)(3). Consequently, Petitioner's *Johnson* claim is barred by the statute of limitations, having been filed over 20 years after the limitations period expired. *See United States v. Sferrazza*, 645 F. App'x 399, 406–07 (6th Cir. 2016) (When a criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed, even when no notice of appeal was filed); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (same).

Through his *pro se* filing, Petitioner also raises a claim based on the Supreme Court's

decision in *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). In *Mathis,* the Supreme Court held that an Iowa burglary conviction did not qualify as a "violent felony" under the ACCA's enumerated offense clause because the Iowa burglary statute is broader than the generic offense of burglary. Petitioner argues, based on *Mathis*, that his prior convictions for drug trafficking no longer qualify as "controlled substance offenses" under the career offender sentencing guideline.

The Sixth Circuit has expressly held, however, that the *Mathis* decision did not announce a rule of *constitutional* law, and has not been made retroactively applicable to cases on collateral review. *In re: Conzelmann*, ___ F.3d ___, 2017 WL 4159184, at *2 (6th Cir. Sept. 20, 2017)(emphasis in original); *see also Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018). Thus, Petitioner's *Mathis* claim is without merit.

### IV. Conclusion

For the reasons set forth above, the Court concludes Petitioner's request for Section 2255 relief is without merit. Accordingly, the Government's motion to dismiss is granted, Petitioner's motion to vacate is denied, and this action is dismissed.

If Petitioner gives timely notice of an appeal from the Court's Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE